IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. RAMIREZ, | ) | 8:08CV390 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director of | ) | |
| Dept of Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion to Dismiss. (Filing No. 12.) In his Motion, Petitioner requests that the court dismiss this matter without prejudice so that he may return to the state courts and exhaust additional constitutional claims. (*Id.*) Respondent filed an Objection to the Motion, arguing that dismissal is not appropriate because Petitioner is "procedurally barred" from filing a second post-conviction motion in the state court. (Filing No. 14.) In response, Petitioner insists that dismissal is appropriate because he does not intend to file a second post-conviction motion, but instead plans to seek relief in state court by filing a state habeas corpus petition. (Filing No. 15.)

Under Nebraska law, "[t]he availability of habeas corpus . . . is restricted." *Rust v. Gunter*, 421 N.W.2d 458, 460 (Neb. 1988). As set forth by the Nebraska Supreme Court:

> This court has numerous times held that in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.

*Id.* Stated another way, a state habeas corpus action "is not available to attack mere errors at trial from which a direct appeal could have been taken." *Al-Hafeez v. Foster,*

329 N.W.2d 573, 574 (Neb. 1983). Thus, a Nebraska state habeas corpus petition may only be filed to attack a void judgment. As long as the "court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose," a Nebraska state habeas action "will not lie." *Rehbein v. Clarke*, 598 N.W.2d 39, 43 (Neb. 1999). As an example, constitutional claims challenging the effectiveness of counsel, the voluntariness of a plea, or the conditions of confinement may not be raised in a Nebraska state habeas corpus action. *Id.* at 44-45.

Here, Petitioner seeks dismissal to exhaust three additional claims. Summarized and condensed, Petitioner's three additional claims relate to the "unconstitutional" use of prior convictions to enhance his sentence, prosecutorial misconduct, and the ineffective assistance of counsel. (Filing No. 12.) None of these claims challenges the Nebraska state district court's jurisdiction. Rather, these claims simply attack "mere errors" from Petitioner's state court proceedings, and should have been raised in Petitioner's direct appeal and post-conviction motion. As set forth above, such claims are not permitted in a Nebraska state habeas proceeding. Dismissal to exhaust these claims would be futile and the court will deny the Motion to Dismiss.[1]

Respondent has filed an Answer and State Court Records. Rather than respond, Petitioner filed his Motion to Dismiss. On the court's own motion, Petitioner shall have until May 26, 2009 to file a brief in response to Respondent's Answer. Respondent shall then file a reply no later than 30 days after Petitioner's brief in response.

---

[1]The court notes that Petitioner seeks dismissal, rather than an order to "stay and abey" this matter. Regardless, and without making a specific finding on the issue, the court seriously doubts that Petitioner would be entitled to a stay and abeyance order.

IT IS THEREFORE ORDERED that:

1.  Petitioner's Motion to Dismiss (filing no. 12) is denied.  Respondent's Objection to the Motion to Dismiss (filing no. 14) is granted, in accordance with this Memorandum and Order.

2.  No later than **May 26, 2009**, Petitioner shall file and serve a brief in response to Respondent's Answer and relevant State Court Records.  Petitioner shall submit no other documents unless directed to do so by the court.  In the event that Petitioner does not file a brief in response by that date, the court will rule on the merits of the Petition without further notice.

3.  No later than 30 days after the filing of Petitioner's brief as set forth above, Respondent shall file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

4.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **May 26, 2009:** check for Petitioner's response to Answer.

April 24, 2009.                          BY THE COURT:

                                         s/ Joseph F. Bataillon
                                         Chief United States District Judge

3